FILED
2015 Sep-02  PM 01:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ALICIA KINDRED, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   **Civil Action No.:** |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC, a corporation; | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's

Complaint against the Defendant and states as follows:

1.    This action arises out of Defendant's repeated violations of the Fair Debt

Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]),

the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter

"FCRA"]), out of state law violations and out of the invasion of Plaintiff's

personal and financial privacy by the Defendant and its agents in its illegal

efforts to collect a consumer debt from Plaintiff.

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

## JURISDICTION

2.    Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

3.    Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

4.    Venue is proper as Defendant does business in this judicial district.

## PARTIES

5.    Plaintiff  Alicia Kindred (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant Portfolio Recovery Associates, LLC, ("Defendant" or "PRA[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.   It is a "debt collector" under the

---

[2] "PRA" means PRA directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

FDCPA. It is incorporated in Delaware and has its principal place of business in Virginia.

7.   Defendant PRA claims to collect on defaulted consumer debt.

8.   Defendant PRA sends collection notices to consumers, makes collection calls to consumers, and credit reports on consumers.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

9.   Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

10.  Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

11.  Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

12.  15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

3

(c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTUAL ALLEGATIONS AGAINST PRA

### Three World Financial Network Bank Accounts Are Settled By Plaintiff

13.    Plaintiff had three different accounts with World Financial Network Bank, an original creditor.

14.    In 2012 World Financial offered Plaintiff a settlement option on each of the three accounts – pay 50% and the accounts will be settled.

15.    The settlement amount on one account was $554.27.

16.    Another account was $461.64.

17.    The final account was $443.93.

18.    Plaintiff did this within the time frame offered by World Financial.

19.    The three accounts were settled at this point.

20. No additional money was owed on any of the three World Financial accounts.

21. This should have ended the matter.

## Defendant PRA Appears On The Scene
## To Collect Money On All Three Settled Accounts

22. But in 2013 Defendant PRA appears and tries to collect on each of the three accounts.

23. Defendant PRA took the position that the three accounts were not settled but simply that a partial payment was made on each account for 50% of the amount owed.

24. Plaintiff disputed, on numerous occasions, the right of Defendant PRA to collect anything as there are no debts to collect.

25. Plaintiff even disputed through a credit reporting agency pursuant to the FCRA but Defendant PRA refused to remove the false information after being properly notified by the reporting agency.

26. The Defendant PRA collection letters were and are false and harassing, as no money was owed from Plaintiff to Defendant PRA.

## Defendant PRA Credit Reports On The Paid Off St. Vincent's Bill

27. Shockingly to Plaintiff (but common among debt buyers such as Defendant PRA), Defendant PRA not only has continually tried to collect non existent debt but has also credit reported against Plaintiff.

28. This credit reporting is false as no debt is owed.

29. Defendant PRA knows this is false but has refused to promptly remove the false accounts from Plaintiff's credit reports.

30. Even after Plaintiff disputed through at least one credit reporting agency, Defendant PRA still is falsely credit reporting.

31. There is simply no excuse for Defendant PRA to credit report on these accounts as nothing is owed.

## Motivation For Defendant PRA To
## Break The Law And To Falsely Credit Report

32. The debt buying industry goes through cycles as do most business industries.

33. Sometimes the demand for "old" or "stale" or "junk" debt exceeds the supply and sometimes the opposite is true.

34. Plaintiff does not know the price Defendant PRA paid for the three non existent debts but it did cost Defendant PRA money.

35. Defendant PRA is like any other business in that it carefully monitors its "Return On Investment" or ROI.

36. Defendant PRA needs to make sure that the revenue it brings in from a particular "batch" or "lot" of junk debt exceeds the cost paid for the debt.

37. And Defendant PRA must take into account other costs – the costs of collection (technology, wages, etc), a portion of overhead, etc.

38.  The bottom line is Defendant PRA does not want to spend money on buying debts and then have nothing to show for it.   The same is true for the investors of Defendant PRA.

39.  With Plaintiff, the Defendant PRA has bought three debts.

40.  It knows the three debts are worthless.

41.  There is nothing Defendant PRA can do to World Financial as the purchase agreement specifically said (as do almost all purchase agreements for junk debt) that there is no representation that anything about any account is true and accurate.

42.  In essence Defendant PRA bought the debts "as is" and is stuck with them.

43.  So Defendant PRA must find a way to collect on these debts even though Defendant PRA knows the debts are bogus.

44.  An honorable company would take its losses and move on.

45.  Defendant PRA is not willing to do this.

46.  Instead it continues to call, to write, and to credit report.

47.  The only thing Defendant PRA has not done (as of yet) but is likely planning on doing is suing Plaintiff in one or two or three lawsuits.

48.  This lawsuit will stop Defendant PRA from going to collection lawsuits against Plaintiff.

49.    It is unknown whether this lawsuit will stop the credit reporting and other collection activities.

### Additional Factual Allegations Against Defendant PRA

50.    Defendant PRA has collected against Plaintiff when Plaintiff did not owe any money to Defendant PRA on these accounts, which violates the alleged agreements creating these debts as the agreements do not allow for collecting a debt that is zero from anyone, including Plaintiff.

51.    Defendant PRA has misrepresented the debts as being owed, when they were not owed.

52.    Defendant PRA has misrepresented the debts to Plaintiff, including the legal status of the debts, as none were owed during the time that Defendant PRA has been collecting on the debts.

53.    Defendant PRA has taken action it knows is illegal including false credit reporting and collection letters and/or collection calls.

54.    Defendant PRA knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the collection activities and by all other wrongful acts described in this Complaint.

55.    The debt being collected is a consumer debt as defined by the FDCPA.

56.    Plaintiff is a "consumer" as defined by the FDCPA.

57.    Defendant PRA is a "debt collector" as defined by the FDCPA as when it
       allegedly received the supposed debt owed by Plaintiff, the alleged debt was
       in default and the collecting of defaulted debt is a major part of the business
       of Defendant PRA.

58.    Defendant PRA has full knowledge of what it is doing by its wrongful
       collection activities including illegal credit reporting – it is a sophisticated
       debt collector and the decisions outlined in this Complaint and that will be
       shown through discovery were not "rogue" or "outlier" decisions but instead
       represent a well thought out plan and scheme to take money from Alabama
       consumers (including Plaintiff) that Defendant PRA has no right to take
       under state law, under the FDCPA, and the FCRA.

59.    The conduct of the Defendant PRA has proximately caused Plaintiff past and
       future monetary loss, past and future damage to Plaintiff's credit and credit
       worthiness, past and future mental distress and emotional anguish, and other
       damages that will be presented to the trier of fact.

60.    It is a practice of the Defendant PRA to maliciously, willfully, recklessly,
       wantonly and/or negligently ignore and refuse to follow the requirements of
       the FDCPA, FCRA, and state law.

61.    All actions taken by employees, agents, servants, or representatives of any type for the Defendant PRA were taken in the line and scope of such individuals' employment, agency or representation.

62.    At no time has Defendant PRA told or implied to Plaintiff that any conduct by any agent or employee of Defendant PRA was outside the line and scope of such employment or agency.

63.    All actions taken by the Defendant PRA were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, FCRA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA, FCRA, and/or state law.

64.    Defendant PRA has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant PRA is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

65.    Defendant PRA is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection

employees and agents, including but not limited to violations of the FDCPA, FCRA, and Alabama tort law, in its attempts to collect this debt from Plaintiff.

66. At no time has Defendant PRA apologized to Plaintiff for its wrongful collection actions.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

69. Defendant PRA violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-66.

70. The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

71.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72.    Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [and the subsections of 1692e follow]."

73.    Defendant PRA violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-66.

74.    The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

75.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76.   Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

77.   Defendant PRA violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-66.

78.   The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

79.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80.   Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

81.   Defendant PRA violated Section 1692e(8) by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-66.

82.   The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit

worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

83.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84.   Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

85.   Defendant PRA violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-66.

86.   The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

87.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

89. Defendant PRA violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-66.

90. The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92. Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

93. Defendant PRA violated Section 1692f(1) by collecting this debt when the account agreement never authorized collecting a debt no longer owed and as alleged in this Complaint in paragraphs 1, 5-8, and 13-66.

94.    The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## INVASION OF PRIVACY

95.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

96.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant PRA violated Alabama state law as described in this Complaint in paragraphs 1, 5-8, and 13-66 and in the paragraphs of this Count.

97.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

98.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of

consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

99.  Defendant PRA intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

100.  Defendant PRA intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

101.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

102.  The conduct of Defendant PRA, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and

invasions of privacy by Defendant PRA which occurred in a way that would be highly offensive to a reasonable person in that position.

103. Defendant PRA has continued to publicly state through credit reporting that Plaintiff owes or owed the debt to Defendant PRA when Defendant PRA knows this is untrue.

104. All of the wrongful acts described in this Complaint (paragraphs 1, 5-8, and 13-66 and in the paragraphs of this Count) demonstrate the wrongful scheme, plan, and design of Defendant PRA in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

105. The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

106. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant PRA.

107. All acts of Defendant PRA were committed with malice, intent, wantonness, and/or recklessness and as such Defendant PRA is subject to punitive damages.

## COUNT IX.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

108.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109.  Defendant PRA's collectors are allowed and encouraged to break state law in order to collect debts.

110.  This includes all of the violations of the law described in this Complaint in paragraphs 1, 5-8, and 13-66 and in the paragraphs of this Count.

111.  Defendant PRA is aware of the wrongful conduct of its collectors.

112.  Defendant PRA negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant PRA is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

113.  Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt collector which is a "leader" in the industry, with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant PRA sat back to reap the rewards

of the wrongful conduct it had sowed.  The details of this will come out in discovery.

114.   The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.

## WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

115.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

116.   Defendant PRA's collectors are allowed and encouraged to break state law in order to collect debts.

117.   This includes all of the violations of the law described in this Complaint in paragraphs 1, 5-8, and 13-66 and in the paragraphs of this Count.

118.   Defendant PRA is aware of the wrongful conduct of its collectors.

119.   Defendant PRA wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant PRA is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

120.   Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt collector which is a "leader" in the industry, with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors to run wild and damage Plaintiff while Defendant PRA sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

121.   The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

### INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

122.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

123.   Defendant PRA's collectors are allowed and encouraged to break state law in order to collect debts.

124. This includes all of the violations of the law described in this Complaint in paragraphs 1, 5-8, and 13-66 and in the paragraphs of this Count.

125. Defendant PRA is aware of the wrongful conduct of its collectors.

126. Defendant PRA intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant PRA is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

127. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt collector which is a "leader" in the industry, with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiff while Defendant PRA sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

128. The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit

worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

## WANTON CONDUCT

129. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

130. Defendant PRA had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

131. Defendant PRA had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

132. Defendant PRA acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint in paragraphs 1, 5-8, and 13-66 and in the paragraphs of this Count.

133. Defendant PRA violated all of the duties Defendant PRA had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

134. It was foreseeable, and Defendant PRA did in fact foresee it, the each and every illegal act of Defendant PRA would lead and did lead to the exact type of harm suffered by Plaintiff.

135.  The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

136.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

137.  Defendant PRA is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

138.  Plaintiff Kindred notified  at least one credit report agency directly of a dispute on the Defendant PRA account's completeness and/or accuracy, as reported.

139.  Such entity or entities properly notified Defendant PRA of Plaintiff's dispute in accordance with the FCRA requirements.

140.  Defendant PRA failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

141. Plaintiff Kindred alleges that Defendant PRA failed to conduct a proper and lawful reinvestigation.

142. All actions taken by Defendant PRA were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Kindred and/or with the knowledge that its actions would very likely harm Plaintiff Kindred and/or that its actions were taken in violation of the FCRA and/or that knew or should have known that its actions were in reckless disregard of the FCRA.

143. All of the violations of the FCRA (as set forth in this count and in paragraphs 1, 5-8, and 13-66) proximately caused the injuries and damages set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiff**


**Serve defendant via certified mail at the following address:**

Portfolio Recovery Associates, LLC
c/o CSC Lawyers Incorporating Srv Inc
150 S. Perry Street
Montgomery, Alabama 36104